UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAMI BENHAYUN,                                            :
                                                         :          **ORDER**
                                    Plaintiff,           :          21-CV-4421 (WFK) (SIL)
                                                         :
                  v.                                     :
                                                         :
HALSTED FINANCIAL SERVICES, LLC, *et al.*,               :
                                                         :
                                    Defendants.          :
------------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff brings this action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C.
§ 1692e *et seq.*, alleging a violation caused by a calculation error in a debt collection letter.
Before the Court are Defendants' motions to dismiss.  ECF Nos. 15, 17.  Because the Court lacks
subject matter jurisdiction over Plaintiff's claims, the Court GRANTS Defendants' motions to
dismiss.

## BACKGROUND

At some point prior to August 6, 2020, Sami Benhayun ("Plaintiff") allegedly incurred a

debt (the "Debt") to Citibank NA ("Citibank"), arising out of credit card transactions.  Complaint

¶¶ 22-23.  The debt was transferred to LVNV Funding, LLC ("LVNV"), which, in turn, hired

Halsted Financial Services, LLC ("Halsted") to collect the debt.  *Id.* ¶¶ 26-27.  According to

Plaintiff, on or about August 6, 2020, Halsted and LVNV (collectively, "Defendants") sent a

collection letter to Plaintiff regarding the Debt.  *Id.* ¶ 29.  The letter, Plaintiff alleges, contained a

calculation error, which allegedly "confused Plaintiff as to the actual amount owed."  *Id.* ¶¶ 30-

43.  The calculation error allegedly forced Plaintiff to "expend[] time and money in determining

the proper course of action in response," "affected and frustrated Plaintiff's ability to

intelligently respond" to Defendants, "created an appreciable risk to Plaintiff of being unable to

properly respond" to Defendants, and diverted "funds Plaintiff could have used to pay" the Debt.

*Id.* ¶¶ 53, 56, 60-61.

1

On August 5, 2021, Plaintiff filed a Complaint, styled as a class action complaint, alleging Halsted and LVNV violated the FDCPA by making false and misleading representations in their collection efforts; falsely representing the character, amount, or legal status of the Debt; and unfairly stating conflicting amounts for the Debt and its component parts. *Id.* ¶¶ 64-73.

## DISCUSSION

The Court lacks subject matter jurisdiction over this action and therefore dismisses the case.

### I.      Standing

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Servs.*, 577 F.3d 479, 489 (2d Cir. 2009). To demonstrate standing, a plaintiff must show: "(1) [an] injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). A plaintiff who fails to demonstrate injury-in-fact lacks standing, and federal courts lack jurisdiction to consider their claims. *TransUnion*, 141 S. Ct. at 2203. If the court lacks subject matter jurisdiction, it may dismiss the action *sua sponte*. *See* Fed. R. Civ. P. 12(h); *see also Plante v. Dake*, 621 Fed. Appx. 67, 69 (2d Cir. 2015) (summary order).

Although Congress may identify and elevate intangible harms by statute, bare procedural violations of a statute do not satisfy the injury-in-fact requirement of Article III. *See TransUnion*, 141 S. Ct. at 2200; *see also Spokeo, Inc v. Robins*, 578 U.S. 330 (2016) ("[A]

2

plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). In *TransUnion*, the Supreme Court explained that a procedural violation of the Fair Credit Reporting Act, without more, is not an injury in fact because it fails to establish concrete harm beyond the statutory violation itself. 141 S. Ct. at 2205. Instead, "whether a harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion*, 141 S. Ct. at 2204). Simply put, "an injury in law is not an injury in fact." *TransUnion*, 141 S. Ct. at 2205.

Following *TransUnion*, the Second Circuit has reiterated that "plaintiffs must show the statutory violation caused them a concrete harm, regardless of whether the statutory rights violated were substantive or procedural." *Maddox*, 19 F.4th at 64 n.2. Following *TransUnion* and *Maddox*, courts in this circuit have regularly treated the FDCPA as "an analogous statute" to the FCRA. *Adler v. Penn Credit Corp.*, No. 19-CV-7084 (KMK), 2022 WL 744031, at *8 (S.D.N.Y. Mar. 11, 2022) (Karas, J.); *Sputz v. Alltran Fin., LP*, No. 21-CV-4663 (CS), 2021 WL 5772033, at *6 (S.D.N.Y. Dec. 5, 2021) (Seibel, J.). Such courts have "uniformly held that absent specific evidence of reputational or monetary harm, plaintiffs lack constitutional standing." *Schmelczer v. Penn Credit Corp.*, No. 20-CV-2380 (KMK), 2022 WL 862254, at *7 (S.D.N.Y. Mar. 23, 2022) (Karas, J.) (citing cases). Without Article III standing, a plaintiff's claims must be dismissed. *See, e.g.*, *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 390 (E.D.N.Y. 2022) (Brown, J.) (dismissing case for lack of subject matter jurisdiction because "conclusory allegations" of "mental and emotional pain, anguish, humiliation, and

3

embarrassment of credit denial," caused by alleged FCRA violations, without more, cannot

confer constitutional standing); *Williams v. Portfolio Recovery Assocs.*, Nos. 21-CV-5656, 21-

CV-5662, 21-CV-5968, 21-CV-5970, 2022 WL 256510, at *3 (E.D.N.Y. Jan. 27, 2022) (Hurley,

J.) (remanding FDCPA claims due to lack of subject matter jurisdiction because plaintiff's

claims that defendant disseminated inaccurate information to a third party were insufficient to

establish a concrete harm); *Ciccone v. Cavalry Portfolio Servs., LLC*, Nos. 21-CV-2428, 21-CV-

3764, 2021 WL 5591725, at *3–5 (E.D.N.Y. Nov. 29, 2021) (Seybert, J.) (dismissing the

plaintiffs' FDCPA claims where the plaintiffs "ha[d] not sufficiently alleged a concrete injury in

fact sufficient to confer Article III standing").

The present action must also be dismissed.  Here, Plaintiff's claims rest on alleged

confusion, frustration of Plaintiff's response to Defendants, and an increased risk of an inability

to respond.  Plaintiff also alleges that "due to Defendants' actions, the funds Plaintiff could have

used to pay all or part of the alleged debt were therefore spent elsewhere," and that he "expended

time and money in determining the proper course of action in response."  Plaintiff Resp. at 8,

ECF No. 18 (internal quotation marks omitted).

The first three of these alleged harms are hypothetical, intangible, and lack the required

concreteness of an injury in fact.  *See Maddox*, 19 F.4th at 65-66 (finding no Article III standing

because a "perfunctory allegation of emotional distress . . . is insufficient to allege constitutional

standing" and because the "purported risk" plaintiff claimed resulted from the violation was not

alleged to have materialized); *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 144 (E.D.N.Y.

2021) (Ross, J.) ("Multiple courts have found alleged confusion to be insufficient for standing in

the FDCPA context.").  Furthermore, allegations concerning the expense of time and money to

determine a course of action "are not sufficiently concrete unless they are 'inextricably bound up

4

in a cognizable injury,' such as where a plaintiff faces a sufficient risk of harm[,] and then spends time, money, and effort mitigating that risk." *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22-CV-1156 (PKC) (CLP), 2022 WL 1124828, at *2 (E.D.N.Y. Apr. 14, 2022) (Chen, J.) (quoting *Pollak v. Portfolio Recovery Assocs., LLC*, No. 21-CV-6738 (PKC) (RML), 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022) (Chen, J.)).  Plaintiff alleges no such "cognizable injury."  Indeed, courts in this district have held that allegations that a plaintiff "expended time and money in determining the proper course of action . . . in themselves . . . do not constitute concrete injury." *Id.*  Finally, Plaintiff's claim that because of Defendant's actions, "the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere" is similarly lacking in concreteness. *Steinmetz v. Fin. Recovery Servs., Inc.*, No. 21-CV-05981 (BMC), 2022 WL 2441239, at *4 (E.D.N.Y. July 5, 2022) ("Plaintiff's conclusory allegation[] that 'the funds [he] *could* have used to pay all *or part* of the alleged debt were . . . spent elsewhere' . . . [is] insufficient.") (Cogan, J.).

In sum, Plaintiff has failed to demonstrate an injury that bears a close relationship to the harm traditionally recognized as providing a basis for standing. *See Maddox*, 19 F.4th at 63. Plaintiff's conclusory allegations are of the same cloth as those uniformly rejected by courts in this district.  Because such "[t]hreadbare" allegations fail to establish concrete injury, *Zlotnick*, 2022 U.S. Dist. LEXIS 21146, at *5, Plaintiff lacks Article III standing, and the Court dismisses the action for lack of subject matter jurisdiction.  The Clerk of Court is respectfully directed to close the case.

## CONCLUSION

Because the Court lacks subject matter jurisdiction over the action, the claims are dismissed, and the Court will close the action.

**SO ORDERED.**

# s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2022
      Brooklyn, New York